UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60555-BLOOM

ORLAND MCCORMACK,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 8, 2020, Petitioner Orland McCormack filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody, ECF No. [13] at 7-31.[1] The Petition attacks the constitutionality of his convictions and sentences entered after jury trial in the Seventeenth Judicial Circuit in Broward County, Florida case number 12-16738-CF-10A. ECF No. [13] at 7.

Respondent filed a Response to the Court's Order to Show Cause, ECF No. [15], and an Appendix to the Response, ECF No. [16], with attached appendices, ECF Nos. [16-1, 16-2]. Respondent also filed a Notice of Filing Transcripts, ECF No. [17], with attached transcripts, ECF Nos. [17-1, 17-2, 17-3, 17-4, 17-5, 17-6]. Petitioner filed a Reply, ECF No. [18]. The Court has

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations and internal quotation marks omitted). Despite the October 2021 filing date, the case was not opened with the Court until March 10, 2021 when Petitioner filed a Memorandum of Law. ECF No. [1]. After the date discrepancy was discovered, Petitioner filed a copy of the Petition along with proof that on October 8, 2020, he provided it to prison authorities for mailing. ECF No. [13]. After review of the record, the Court accepted the copy of the Petition, ECF No. [13] at 7-31, and found that its filing dated back to October 8, 2020. ECF No. [14].

carefully considered the Petition, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed as time-barred.

I.     BACKGROUND

Petitioner is a state inmate at Madison Correctional Institution. ECF No. [13] at 1. A jury found Petitioner guilty of kidnapping with a firearm, aggravated assault with a firearm, and battery. *Id.* On July 29, 2015, Petitioner was sentenced to a total of 30 years of imprisonment. *Id.*; ECF No. [16-1] at 17-22. Following his state court convictions, Petitioner appealed to the Fourth District Court of Appeal ("Fourth DCA"). *Id.* at 2. On June 21, 2017, in an authored opinion, the Fourth DCA affirmed the judgment in part and reversed and remanded in part. *McCormack v. State*, No. 4D15-2886 (Fla. 4th DCA June 21, 2017); ECF No. [16-1] at 90-93. The reversal pertained to a recent Florida Supreme Court decision holding that for convictions under Florida Statute § 775.087(2), sentencing courts are not required to impose sentences consecutively. *See Williams v. State*, 186 So. 3d 989, 990 (Fla. 2016). The State filed a motion for rehearing, noting that the trial court addressed *Williams* in its order denying Petitioner's motion to correct sentence. However, the order and the transcript from the hearing on the motion were not included in the record on appeal. ECF No. [16-1] at 95-97. On August 16, 2017, with the supplemented record before it, the Fourth DCA granted the State's motion for rehearing, withdrew its prior opinion, and affirmed on all issues raised in the appeal. *McCormack v. State*, 226 So. 3d 871 (Fla. 4th DCA 2017) (Mem). Petitioner did not seek further review of his conviction with the Florida Supreme Court or the United States Supreme Court. ECF No. [13] at 8.

On November 1, 2018, Petitioner filed a motion for postconviction relief pursuant to Fla. R. App. P. 3.850 ("Rule 3.850 motion"). ECF No. [13] at 9; ECF No. [16-1] at 104-48. The trial court denied the motion, which the Fourth DCA per curiam affirmed. *McCormack v. State*, 300

Case No. 21-cv-60555-BLOOM

So. 3d 1182 (Fla. 4th DCA 2020) (Table); ECF No. [16-1] at 176, 207, 294. The Fourth DCA denied Petitioner's motion for rehearing, and on September 25, 2020, its mandate issued. ECF No. [16-2] at 14, 16.

On October 8, 2020, Petitioner filed the instant Petition. ECF No. [13] at 7; *see* ECF No. [14] (granting Petitioner's Motion to Accept Original Petition as Timely filed on October 8, 2020).

## II. LEGAL STANDARD

Federal review of state habeas petitions is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2254 provides federal habeas relief for a person in state custody only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or if a petitioner's state-court claim resulted in decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Brumfield v. Cain*, 576 U.S. 305, 311 (2015) (quotation marks omitted; quoting 28 U.S.C. § 2254(d)).

Pursuant to 28 U.S.C. § 2244(d), a one-year period of limitation "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d). The statute of limitations begins to run one year after the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* §§ 2244(d)(1)(A)–(D).

Under § 2244(d)(1)(A), "the judgment becomes final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (alterations added). In Florida, if the appellate court affirms a conviction in a written or elaborated opinion, a petitioner may seek discretionary relief in the Florida Supreme Court. *See* Fla. R. App. P. 9.120(b). If discretionary review is not sought, the conviction becomes final when the 30-day period for seeking review in the Florida Supreme Court expires. *See* 28 U.S.C. § 1257(a) (the Supreme Court may review final judgments or decrees rendered by "the highest court of a State in which a decision could be had"); Sup. Ct. R. 13.1. The limitations period is tolled, however, for the time during which a properly filed application for post-conviction or other collateral review is pending in the state court. *See* 28 U.S.C. § 2244(d)(2). Consequently, where a petitioner sits on any claims or allows any time gaps to accrue post-conviction, § 2244's one-year clock continues to run. *See Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

### III.  DISCUSSION

The Petition is time-barred. Within 30 days of the issuance of an appellate court order affirming a conviction in a written or elaborated opinion, the petitioner must file notice to seek discretionary review with the Florida Supreme Court. Fla. R. App. P. 9.120(b); *see* Sup. Ct. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

On August 16, 2017, in an authored opinion, the Fourth DCA granted the State's motion for rehearing thereby affirming Petitioner's convictions and sentences. *McCormack*, 226 So. 3d at 871. The Parties agree that Petitioner had 30 days to file a notice invoking the Florida Supreme Court's discretionary jurisdiction and that Petitioner did not file such notice. ECF No. [13] at 8;

ECF No. [15] at 5; ECF No. [18] at 2. Consequently, Petitioner's conviction became final on **September 15, 2017**, 30 days after the Fourth DCA granted the State's motion for rehearing and affirmed Petitioner's convictions.[2] *See* Fla. R. App. P. 9.120(b); Sup. Ct. 13(1); *Mills v. Inch*, No. 19-661616-CV-MORENO, 2020 WL 5578957 at *1 (S.D. Fla. Aug. 25, 2020), *report and recommendation adopted*, 2020 WL 5572695 (S.D. Fla. Sept. 17, 2020).

Petitioner argues that following the expiration of the 30-day period for filing notice with Florida's Supreme Court, he was entitled to an additional 90 days to file a writ of certiorari with the United States Supreme Court. ECF No. [18] at 2. Petitioner is incorrect. While litigants are entitled to a 90-day period to file a writ of certiorari with the United States Supreme Court, that period only applies to judgments from a "state court of last resort." *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (citing Sup. Ct. R. 13(1)); *see* 28 U.S.C. § 1257(a) (The United States Supreme Court reviews "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." (alteration added)). Here, because the Fourth DCA affirmed Petitioner's convictions in a written opinion, the Florida Supreme Court had jurisdiction to review the opinion. As such, the Florida Supreme Court was the "state court of last resort." Before petitioning for review in the United States Supreme Court, Petitioner was required to first seek review in the Florida Supreme Court. However, Petitioner failed to seek review with the Florida Supreme Court, thus, he is not entitled to the 90-day period for seeking certiorari review with the United States

---

[2] Petitioner could not have petitioned for review in the United States Supreme Court without first seeking review in the state supreme court. The United States Supreme Court reviews "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a). Because the Fourth DCA affirmed Petitioner's convictions in a written opinion, the Florida Supreme Court had jurisdiction to review the opinion. Because Petitioner did not seek review from Florida's highest court, he is not entitled to the 90-day period for seeking certiorari review with the United States Supreme Court. *Phillips v. Warden*, 908 F.3d 667, 673 (11th Cir. 2018); *see Gonzalez v. Thaler*, 565 U.S. 134 (2012) (citing Sup. Ct. R. 13) (holding that the period for seeking review in the United States Supreme Court is 90 days from the day the judgment from a "state court of last resort" is entered); Sup. Ct. R. 13 ("[I]f a petition for rehearing is timely filed in the lower court by any party . . . the time to file the petition for a writ of certiorari . . . runs from the date of the denial of rehearing[.]" (alterations added)).

Supreme Court. *See Phillips v. Warden*, 908 F.3d 667, 673 (11th Cir. 2018).

In order to toll the statute of limitations, Petitioner was required to file his Petition or a properly filed collateral review motion **on or before September 15, 2018,** one year from the date his judgment became final. Petitioner did not file his Rule 3.850 Motion until **November 1, 2018**, **47 days** after the expiration of the AEDPA's one-year limitation period. *See* ECF No. [16-1] at 104 (showing November 1, 2018 as the date the Rule 3.850 Motion was stamped as "provided to Taylor C.I. for mailing"). Thus, the Petition is untimely.

The one-year limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is proper only if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649 (citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (citation omitted). Equitable tolling is "an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Fla., Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (citation and internal quotation marks omitted). Here, Petitioner did not raise equitable tolling as an exception to the AEDPA's procedural bar in the Petition. Thus, he is not entitled to the exception.

IV.   **CERTIFICATE OF APPEALABILITY**

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal and instead must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). It is appropriate to issue a certificate of appealability where a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district

court rejects a petitioner's claim on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong in order to be issued a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon review of the record and relevant authorities, the Court concludes that the Petitioner is not entitled to a certificate of appealability.

V. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Orland McCormack's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody, **ECF No. [13]** at 7-31, is **DISMISSED as time-barred**. The Clerk is directed to **CLOSE** this case and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 5, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Orland McCormack, *Pro Se*
#147407
Madison Correctional Institution
Inmate Mail/Parcels
382 SW MCI Way
Madison, FL 32340