UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60555-BLOOM

ORLAND McCORMACK,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER ON REMAND**

**THIS CAUSE** is before the Court upon the Eleventh Circuit's Limited Remand, ECF No. [25]. Therein, the Eleventh Circuit remanded Petitioner Orland McCormack's case for the limited purpose of this Court entering a Certificate of Appealability ("COA") that complies with *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014 (*en banc*) and 28 U.S.C. § 2253(c)(2).

Initially, the Court denied McCormack's 28 U.S.C. § 2254 Petition as untimely. *See* ECF No. [19]. Finding the correctness of that procedural determination undebatable, the Court denied McCormack a COA. *Id.* at 6-7. McCormack filed a Motion to Reconsider, Alter, or Amend Judgment, ECF No. [20], in which he set forth a compelling argument that the Court's timeliness determination was erroneous. In its Order on Motion for Reconsideration, ECF No. [21], the Court again rejected McCormack's timeliness argument, but due to "uncertainty regarding timeliness," *id.* at 6, the Court determined that McCormack was entitled to a COA on that procedural issue. *See id.* at 27. However, the Court's COA failed to "specify what constitutional issue jurists of reason would find debatable." *Spencer*, 773 F.3d at 1138.

Upon review, the Court determines that McCormack has "made a substantial showing of

the denial of a constitutional right" in Ground One of his Petition. 28 U.S.C. § 2253(c)(2). In that claim, McCormack argues that the trial court erred in denying his motion for mistrial due to a prosecutorial comment on McCormack's right to remain silent. *See* ECF No. [21] at 13. The Court determined that the prosecutor's statement was permissible, and, even if it were not, any impropriety was immediately cured by the trial court. *Id*. at 15-16. However, it is noteworthy that the trial court, which "is in the best position" to evaluate the prosecutor's statement, *United States v. Hernandez*, 490 F. App'x 250, 253 (11th Cir. 2012), expressed concern that the prosecutor was "trying to discredit [McCormack] because he remained silent" and appears to have seriously considered declaring a mistrial. ECF No. [17-1] at 664. The Court concludes that "jurists of reason would find debatable" whether Ground One states a valid claim for a denial of a constitutional right. *Spencer*, 773 F.3d at 1138. By contrast, for the reasons discussed in the Court's Order, the Court finds no room for debate regarding McCormack's remaining eight claims. ECF No. [21].

The Court concludes that jurists of reason would find it debatable whether McCormack's Petition was timely and whether Ground One states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, it is **ORDERED AND ADJDUGED** that a Certificate of Appealability is **GRANTED** as to Ground One of McCormack's Petition only.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 9, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 21-cv-60555-BLOOM

Clerk of Court, United States Court of Appeals for the Eleventh Circuit

Counsel of Record

Orland McCormack, *Pro Se*
#147407
Madison Correctional Institution
Inmate Mail/Parcels
382 SW MCI Way
Madison, FL 32340

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com